EXHIBIT A

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

STATE OF SOUTH CAROLINA

COUNTY OF GREENWOOD

Douglas Turner,

        Plaintiff,

vs.

Nexstar Broadcasting, Inc., Nexstar Media Group, Inc., and John/Jane Doe

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON PLEAS
FOR THE EIGHTH JUDICIAL CIRCUIT

C.A. No.: 2020-CP-24-_____

**SUMMONS**

## TO:    THE DEFENDANT HEREIN:

YOU ARE HEREBY SUMMONED and required to answer the COMPLAINT in this action of which a copy is herewith served upon you, and to serve a copy of your Answer on the subscribers at their office, 318 West Stone Avenue, (P.O. Box 2446, 29602), Greenville, South Carolina, 29609, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for relief demanded in the Complaint.

Respectfully Submitted,

/s Sam Tooker
David R. Price, Jr. (S.C. Bar # 75140)
Samuel B. Tooker (S.C. Bar # 78999)
**DAVID R. PRICE, JR., P.A.**
318 West Stone Avenue (29609)
Post Office Box 2446
Greenville, South Carolina 29602-2446
(864) 271-2636 office
(864) 271-2637 fax
David@GreenvilleLegal.com
Sam@GreenvilleLegal.com
Attorneys for Plaintiff

Greenville, South Carolina
October 23, 2020

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF GREENWOOD ) | |
| ) | |
| Douglas Turner, ) | C.A. No.: 2020-CP-24-_____ |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Nexstar Broadcasting, Inc., Nexstar Media ) | |
| Group, Inc., and John/Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Douglas Turner, complaining of Defendants, Nexstar Broadcasting, Inc., doing business as WSPA, and Nexstar Media Group, Inc., alleges and shows unto the Court that:

1.      Plaintiff, Douglas Turner (hereinafter "Plaintiff"), is a citizen and resident of the County of Greenwood, State of South Carolina.

2.      Upon information and belief, Defendant John/Jane Doe is an employee of Defendants Nexstar Broadcasting, Inc. and/or Nexstar Media Group, Inc., works at WSPA in Spartanburg County, South Carolina, and is a citizen and resident of the State of South Carolina.

3.      Upon in formation and belief, Defendant John/Jane Doe was an employee of Defendants Nexstar Broadcasting, Inc. and/or Nexstar Media Group, Inc., for the periods of time central to this complaint.

4.      Upon information and belief, Defendant Nexstar Broadcasting, Inc., is an entity incorporated in Delaware and licensed to do business in South Carolina that is licensed by the FCC to broadcast under call sign WSPA-TV in Spartanburg County, South Carolina.

5.      Upon information and belief, Nexstar Broadcasting, Inc. is a wholly owned subsidiary of Nexstar Media Group, Inc.

2

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

6.     Upon information and belief, Defendant Nexstar Media Group, Inc., is the parent company of Defendant Nexstar Broadcasting, Inc., and is an entity incorporated in Delaware with a principal place of business in Texas.

7.     Upon information and belief, Nexstar Broadcasting, Inc., and Nexstar Media Group, Inc., are both responsible for hiring and supervising employees for WSPA, WSPA.com, WSPA/DT, and WSPA-TV.

8.     Upon information and belief, Nexstar Media Group, Inc., and Nexstar Broadcasting, Inc., are responsible for the operation of WSPA, WSPA.com, WSPA/DT, and WSPA-TV.

9.     Upon information and belief, Nexstar Media Group, Inc., and Nexstar Broadcasting, Inc., are responsible for the content displayed on WSPA, WSPA.com, WSPA/DT, and WSPA-TV.

10.     Upon information Defendant Nexstar Media Group, Inc., is an alter ego of Defendant Nexstar Broadcasting, Inc., as Defendant Nexstar Broadcasting, Inc., is dominated and controlled by Defendant Nexstar Media Group, Inc., and as Defendant Nexstar Broadcasting, Inc., functions solely to achieve the goals of Defendant Nexstar Media Group, Inc.

11.     Upon information and belief, Defendant Nexstar Media group, Inc., works on behalf of and in conjunction with Defendant Nexstar Broadcasting, Inc., to a degree sufficient to constitute an amalgamation of corporate interests, entities, and activities, blurring the legal distinction between Defendant Nexstar Media Group, Inc., and Defendant Nexstar Broadcasting, Inc., and their activities.

12.     Defendants Nexstar Broadcasting, Inc., Nexstar Media Group, Inc., and John/Jane Doe are in the business of publishing stories via digital media and television. The production

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

and distribution of media is Defendants business and is at the heart of how Defendants earn money.

13.    On or about October 18, 2019, Defendants published a news story on television and on WSPA's website and social media platforms about at the arrest of a Greenwood County man for allegedly attempting to solicit minors for sex acts and for distributing sexually graphic images to a minor.

14.    Defendants published a television story on Channel 11, published an article on WSPA's website, and published a Facebook post on WSPA's Facebook page about the aforementioned arrest.

15.    Those stories all featured pictures of Plaintiff, rather than the man actually accused and arrested for child sex crimes, alongside titles that would indicate to a reasonable person that the Plaintiff, as the man depicted in the image accompanying the story, was the person arrested for committing child sex crimes.

16.    The written publications were attributed to "WSPA Staff" a person who, upon information and belief, is Defendant John/Jane Doe, an employee of Defendants and a reporter, writer, or other member of the WSPA news staff.

17.    The Defendants' Facebook post publicizing its article said **"A Greenwood man was arrested on multiple charges related to the solicitation of a minor, the South Carolina Attorney General's Office said."**    That post contained a color picture of the Plaintiff prominently placed below the aforementioned text.  A screen shot of the post is attached as **"Exhibit A."**

18.    Plaintiff was not and never has been arrested for charges related to the solicitation of a minor.  This statement was false as it relates to Plaintiff.

4

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

19.    Immediately below the color picture of Plaintiff was text that read **"Greenwood man accused of multiple solicitation of minor charges."**

20.    The Defendants' article published on the WSPA webpage said **"Greenwood man accused of multiple solicitation of a minor charges"** and contained a color picture of Plaintiff, which was, again, prominently displayed immediately beneath the aforementioned text. A screen shot of the Defendants' website depicting the aforementioned verbiage and image is attached as **"Exhibit B."**

21.    Plaintiff was not and never has been accused of multiple solicitation of minor charges. This statement was false as it relates to Plaintiff.

22.    Both the Facebook post and the story on WSPA's website documented the arrest of a Greenwood County man, who was a registered sex offender, for soliciting minors for sex and distributing sexually graphic images to a minor. This story immediately followed the aforementioned text and prominently displayed photograph of Plaintiff.

23.    Furthermore, upon information and belief, Defendants published a television story on WSPA depicting Plaintiff's image while detailing the arrest of a Greenwood County man for child sex crimes.

24.    To be plain, Plaintiff was never accused of or arrested for any of the aforementioned crimes, and Plaintiff was defamed when his photograph was published alongside the aforementioned statements.

25.    These various publications damaged Plaintiff as they falsely represented that Plaintiff was an accused child predator who had been charged criminally.

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

26.    Upon information and belief, these publications were distributed on television in Greenwood County, on the Defendants' website, which was accessible in Greenwood County, and on the Defendants' Facebook page, which was accessible in Greenwood County.

27.    Plaintiff's photograph alongside the words "Greenwood man accused of multiple solicitation of a minor charges" and "A Greenwood man was arrested on multiple charges related to the solicitation of a minor, the South Carolina Attorney General's Office said" was viewed by residents of Greenwood County.

28.    Plaintiff lives in Greenwood County, Plaintiff works in Greenwood County, and Plaintiff's family lives in Greenwood County, so his reputation is most subject to harm in Greenwood County.

29.    Venue is proper in this Court as a substantial portion of the events giving rise to the claims asserted occurred in Greenwood County, South Carolina and the vast majority of harm suffered by Plaintiff occurred in Greenwood County, South Carolina.

30.    Upon information and belief, Defendants did not obtain Plaintiff's photograph from any reliable source to whom the photograph could be attributed.

31.    In fact, in neither story do the Defendants attribute the photograph of Plaintiff to any source.

32.    Upon information and belief, Defendants either acted with malice or a reckless disregard for the truth in publishing Plaintiff's likeness alongside the words "Greenwood man accused of multiple solicitation of minor charges" and "A Greenwood man was arrested on multiple charges related to the solicitation of a minor, the South Carolina Attorney General's Office said."

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

33.     Upon information and belief, Defendants knew or should have known that false representations of the type levied against Plaintiff have the capacity to ruin a person's life and livelihood, causing extreme distress and reputational damage.

34.     The actions, as described herein, evince a blatant, wanton, and reckless disregard for the truth and Plaintiff's rights and damaged Plaintiff's reputation, mental health, and wellbeing and caused Plaintiff to suffer emotional harm and distress.

### For a First Cause of Action
### Defamation Per Se (Slander and Libel)

35.     The relevant and consistent allegations above are incorporated herein as if set forth verbatim.

36.     Defendants orally and in writing published to third parties false and defamatory statements and/or published a photograph and associated text that defamed Plaintiff, as more fully described above.

37.     The aforementioned television broadcast was slanderous, while the written publications were libelous.

38.     Defendants' statements and publications about Plaintiff were false and defamatory.

39.     Defendants' statements and publications about Plaintiff took the form of an unprivileged publication by Defendants to third parties.

40.     Defendants are responsible for the publication of the defamatory statements and publications.

41.     Defendants made the statements and publications with malice or with reckless disregard for the truth.

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

42.    Defendants' defamatory statements and publications are actionable per se as Defendants' defamatory statements accuse Plaintiff of the commission of criminal acts and the attempted commission of sex acts on minors.

43.    Defendants' willful, wanton, and reckless behavior damaged and continues to damage Plaintiff, his reputation, his mental health, and his overall wellbeing.

44.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Second Cause of Action
### Defamation Per Quod (Slander and Libel)

45.    The relevant and consistent allegations above are incorporated herein as if set forth verbatim.

46.    Defendants published to third parties false and defamatory statements and/or publications, as more fully described above.

47.    The aforementioned television broadcast was slanderous, while the written publications were libelous.

48.    Defendants' statements and/or publications about Plaintiff were such that even if the defamatory meaning was not clear from the outset, the circumstances surrounding the publications and the context in which the defamatory statements and/or publications were produced were such that their defamatory meaning would have been understood to a reasonable person.

49.    Defendants' statements and/or publications about Plaintiff took the form of an unprivileged publication by Defendants to third parties.

8

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

50.    Defendants are responsible for the manufacturing and distribution of the defamatory statements and/or publications.

51.    Defendants published the aforementioned articles and television news story with malice or with reckless disregard for the truth.

52.    Defendants' willful, wanton, and reckless behavior damaged and continues to damage Plaintiff, his reputation, his mental health, and his overall wellbeing.

53.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Third Cause of Action
### Outrage

54.    The Plaintiff reiterates each and every allegation set forth above as fully and completely as if set forth verbatim herein.

55.    The conduct of Defendants, as set forth above, was outrageous in nature, in that such conduct was atrocious and utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency.  Furthermore, such conduct was willful, wanton and reckless and was certain to cause the Plaintiff to suffer both physical and emotional distress, which was so severe that no reasonable person could be expected to endure it.

56.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Fourth Cause of Action

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

## Negligence/Gross Negligence/Recklessness

57.    The Plaintiff reiterates each and every allegation set forth above as fully and completely as if set forth verbatim herein.

58.    The Plaintiff is informed and believes that Defendants were negligent, reckless, willful, wanton, careless, and grossly negligent in the following particulars:

a.    In publishing Plaintiff's likeness alongside a story about a man charged with committing sex crimes on children;

b.    In publishing Plaintiff's likeness underneath the words "A Greenwood man was arrested on multiple charges related to the solicitation of a minor, the South Carolina Attorney General's Office said";

c.    In publishing Plaintiff's likeness underneath the words "Greenwood man accused of multiple solicitation of a minor charges";

d.    In failing to obtain a mugshot of the real perpetrator about whom the Defendants' story was written from a reliable source;

e.    In relying on materials obtained from a third-party vendor whose website states explicitly that the vendor "does not warrant or guarantee the accuracy or completeness of any information" contained on the vendor's website;

f.    In publishing materials obtained from a third-party vendor whose website states explicitly that the materials contained therein are "[f]or personal use only" and which prohibits "[a]ny commercial use of this information," explicitly stating that users of the site "may not collect, sell, offer for sale, modify, reproduce, display, publicly perform, import, distribute, retransmit, or otherwise use the content from [the vendor's] website without the express written permission of [the

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

vendor]";

g.    In failing to vet the publications depicting Plaintiff's image alongside stories regarding the arrest of a man for committing sex crimes involving children;

h.    In failing to adequately train and supervise the employees of Defendants Nexstar Broadcasting, Inc. and Nexstar Media Group, Inc., of whom Defendant John/Jane Doe is one; and

i.    In such other acts of negligent, grossly negligent, reckless, willful, or wanton conduct as may be discovered during discovery or during the trial of this case.

59.    The foregoing were the direct and proximate cause of the injuries and damages sustained by the Plaintiff and contravened the statutory and common laws of the State of South Carolina.

60.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Fifth Cause of Action
### Wrongful Publication of Private Affairs

61.    The Plaintiff reiterates each and every allegation set forth above as fully and completely as if set forth verbatim herein.

62.    The Defendants publicly disclosed private facts about Plaintiff, namely, his likeness alongside a story about a man arrested for sex crimes.

63.    The Defendants intentionally disclosed Plaintiff's image when there existed no

legitimate public interest in Plaintiff's visage.

64.    Plaintiff was not a public figure and was not related to the arrest of a Greenwood man for sex crimes.

65.    The publication of Plaintiff's image was not authorized or privileged.

66.    The disclosure of Plaintiff's image was highly offensive and likely to cause serious mental injury to a person of ordinary sensibilities.

67.    The foregoing were the direct and proximate cause of the injuries and damages sustained by the Plaintiff and contravened the common laws of the State of South Carolina.

68.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Sixth Cause of Action
### Wrongful Appropriation of Personality

69.    The Plaintiff reiterates each and every allegation set forth above as fully and completely as if set forth verbatim herein.

70.    Defendants used Plaintiff's likeness and identity for Defendants' own benefit.

71.    Plaintiff did not authorize or otherwise sanction Defendants' use of Plaintiff's image.

72.    The foregoing were the direct and proximate cause of the injuries and damages sustained by the Plaintiff and contravened the common laws of the State of South Carolina.

73.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### For a Seventh Cause of Action
### False Light

74.    The Plaintiff reiterates each and every allegation set forth above as fully and completely as if set forth verbatim herein.

75.    The publication of Plaintiff's pictures alongside information regarding a Greenwood man arrested for sex crimes falsely painted Plaintiff to be the Greenwood man who was arrested for said crimes.

76.    Defendants gave publicity to a matter concerning Plaintiff that placed Plaintiff before the public in a false light.

77.    The false light in which the Plaintiff was placed was highly offensive to him and would be highly offensive to a reasonable person.

78.    The Defendants either knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the publication placed the Plaintiff.

79.    The foregoing were the direct and proximate cause of the injuries and damages sustained by the Plaintiff and contravened the common laws of the State of South Carolina.

80.    Plaintiff is informed and believes he is entitled to a judgment against the Defendants for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

### DAMAGES AND RELIEF REQUESTED

As a direct and proximate result of the aforesaid acts and/or omissions on the part of the Defendants, Plaintiff has been injured and damaged in that his reputation has been damaged, his

ELECTRONICALLY FILED - 2020 Oct 23 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

reputation being his most prized and most valuable property, he has endured mental anguish and emotional distress, humiliation, embarrassment, inconvenience, discomfort, and he has been deprived of the enjoyment of life, thereby entitling him to recover special and general damages from the Defendants.

The Plaintiff is entitled to punitive or exemplary damages from the Defendants as the conduct of Defendants as set forth herein was willful, wanton, reckless and grossly negligent, as well as knowing, intentional and malicious and committed with deliberate indifference to the rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for actual and punitive damages against Defendants in an amount to be determined by the Trier of Fact, for the costs of this action, and for such other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMANDED

s/ Sam Tooker
David R. Price, Jr. (S.C. Bar # 75140)
Samuel B. Tooker (S.C. Bar # 78999)
**DAVID R. PRICE, JR., P.A.**
318 West Stone Avenue (29609)
Post Office Box 2446
Greenville, South Carolina 29602-2446
(864) 271-2636 office
(864) 271-2637 fax
David@GreenvilleLegal.com
Sam@GreenvilleLegal.com
Attorneys for the Plaintiff

Greenville, South Carolina
October 23, 2020

cricket  "EXHIBIT A" 4G LTE 3:18

← 🔍 Search

**Home**  Posts  Events  Videos  About

 **WSPA 7News**
3 hrs · ⚙

A Greenwood man was arrested on
multiple charges related to the
solicitation of a minor, the South Carolina
Attorney General's Office said in a news
r... See More



WSPA.COM
**Greenwood man accused of multiple**
solicitation of a minor charges

 Use App  💬 ···

ELECTRONICALLY FILED - 2020 Oct 20 10:14 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2401054

"EXHIBIT B"

59°   CAROLINA'S FAMILY ☰

## NEWS

# Greenwood man accused of multiple solicitation of a minor charges

     



Demarcus Blocker

by: WSPA Staff

Posted: Oct 18, 2019 / 10:48 AM EDT / Updated: Oct 18, 2019 / 10:48 AM EDT

(WSPA) – A Greenwood man was

 

Save money, join our Email Club. SAVE 10¢ PER GALLON. Sign up at Myspinx.com

# EXHIBIT B

ELECTRONICALLY FILED - 2020 Oct 23 3:44 PM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

STATE OF SOUTH CAROLINA      )     IN THE COURT OF COMMON PLEAS

                                      )     FOR THE EIGHTH JUDICIAL CIRCUIT

COUNTY OF GREENWOOD       )

                                        )

Douglas Turner,                 )     C.A. No.:  2020-CP-24-00954

                                        )

           Plaintiff,       )

    vs.                      )

                                        )     **PLAINTIFF'S OFFER OF JUDGMENT**

Nexstar Broadcasting, Inc., Nexstar Media  )     **PURSUANT TO RULE 68 SCRCP**

Group, Inc., and John/Jane Doe     )

                                        )

           Defendants.     )

                                        )

**TO:   THE DEFENDANTS:**

YOU WILL PLEASE TAKE NOTICE that the Plaintiff, by and through his undersigned attorney, in accordance with Rule 68 of the <u>South Carolina Rules of Civil Procedure,</u> hereby offer to accept judgment entered against the Defendants, jointly and severally, in favor of the Plaintiff, for the sum of One Hundred Thousand and NO/100ths ($100,000.00) Dollars.

Pursuant to Rule 68, *SCRCP*, in the event that this offer is not accepted in writing within twenty (20) days of service hereof or ten (10) days prior to the trial of this case, whichever occurs first, they are to be deemed withdrawn.  Thereafter, should the Plaintiff obtain judgments at least as favorable as these offers, Plaintiff will move the Court to award all costs incurred in the prosecution of this action from the time of making these offers, together with interest in the amount of eight (8%) percent computed from the verdict or award from the date of the offers to the entry of the judgment, in accordance with Rule 68.

Respectfully Submitted,

/s Sam Tooker
David R. Price, Jr. (S.C. Bar # 75140)
Samuel B. Tooker (S.C. Bar # 78999)
**DAVID R. PRICE, JR., P.A.**
318 West Stone Avenue (29609)
Post Office Box 2446
Greenville, South Carolina 29602-2446
(864) 271-2636 office
(864) 271-2637 fax
David@GreenvilleLegal.com
Sam@GreenvilleLegal.com
Attorneys for Plaintiff

Greenville, South Carolina
Date: 10/23/2020

ELECTRONICALLY FILED - 2020 Oct 23 3:44 PM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

# EXHIBIT C

ELECTRONICALLY FILED - 2020 Nov 03 9:35 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

STATE OF SOUTH CAROLINA     )

COUNTY OF GREENWOOD     )

              )

Douglas Turner,       )

              )

        Plaintiff,    )

    vs.          )

              )

Nexstar Broadcasting, Inc., Nexstar Media  )

Group, Inc., and John/Jane Doe    )

              )

        Defendants.   )

              )

IN THE COURT OF COMMON PLEAS
FOR THE EIGHTH JUDICIAL CIRCUIT

C.A. No.: 2020-CP-24-00954

**ACCEPTANCE OF SERVICE**

On this 2nd day of November, 2020, I hereby acknowledge that I accept service of the attached *Summons and Complaint, Exhibit A, and Exhibit B* on behalf of Defendants Nexstar Inc. (formerly known as Nexstar Broadcasting, Inc.) and Nexstar Media Group, Inc. I affirm that I am duly authorized to accept service on behalf of these Defendants.

_____
Signature

Edward Fenno
_____
Name Printed

Attorney
_____
Title

Mount Pleasant, South Carolina
Dated: November 2, 2020

# EXHIBIT D

# Certificate of Electronic Notification

## Recipients

**David Price** - Notification transmitted on 10-23-2020 03:44:56 PM.

**Samuel Tooker** - Notification transmitted on 10-23-2020 03:44:56 PM.

ELECTRONICALLY FILED - 2020 Oct 26 9:00 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

###### ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
###### NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2020CP2400954

**Official File Stamp:**          10-23-2020 03:44:43 PM

**Court:**                        CIRCUIT COURT

                                  Common Pleas

                                  Greenwood

**Case Caption:**                 Douglas Turner VS Nexstar Broadcasting, Inc. , defendant, et al

**Document(s) Submitted:**        Offer Of Judgment

**Filed by or on behalf of:**     Samuel Barton Tooker

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

David R. Price, Jr. for Douglas Turner

Samuel Barton Tooker for Douglas Turner

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Nexstar Media Group, Inc.

John/Jane Doe

Nexstar Broadcasting, Inc.

## Certificate of Electronic Notification

### Recipients

**David Price**  - Notification transmitted on 11-03-2020 09:35:32 AM.

**Samuel Tooker** - Notification transmitted on 11-03-2020 09:35:32 AM.

ELECTRONICALLY FILED - 2020 Nov 03 1:15 PM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

A filing has been submitted to the court RE: 2020CP2400954

Official File Stamp:

11-03-2020 09:35:22 AM

Court:

CIRCUIT COURT

Common Pleas

Greenwood

Case Caption:

Douglas Turner VS Nexstar Broadcasting, Inc. , defendant, et al

Document(s) Submitted:

Service/Acceptance Of Service

Service/Acceptance Of Service

Filed by or on behalf of:

Samuel Barton Tooker

This notice was automatically generated by the Court's auto-notification system.

–

The following people were served electronically:

David R. Price, Jr. for Douglas Turner

Samuel Barton Tooker for Douglas Turner

The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:

Nexstar Media Group, Inc.

John/Jane Doe

Nexstar Broadcasting, Inc.

ELECTRONICALLY FILED - 2020 Nov 03 1:15 PM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400954