# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| **DOUGLAS TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No.: 8:20-CV-04115-JD |
| ) | |
| **NEXSTAR BROADCASTING, INC.,** ) | **PLAINTIFF'S MOTION FOR** |
| **NEXSTAR MEDIA GROUP, INC., and** ) | **EXPEDITED JURISDICTIONAL** |
| **JOHN/JANE DOE,** ) | **DISCOVERY** |
| ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff, by and through his undersigned counsel, and pursuant to the applicable Rules of Civil Procedure, respectfully submits this Motion for Expedited Jurisdictional Discovery. Plaintiff moves this Court for an Order requiring Defendants to participate in limited discovery regarding the identity of Defendant John/Jane Doe. If there is a lack of complete diversity between the parties, then Plaintiff will move to amend his pleadings to reflect the identity of the correct party and to remand the matter back to Common Pleas.

## FACTS

Plaintiff filed the original Complaint in this case in Common Pleas in Greenwood County, South Carolina. Plaintiff's Complaint (ECF No. 1-1). Plaintiff named as Defendants Nexstar Broadcasting, Inc., Nexstar Media Group, Inc., and John/Jane Doe. In this case it is alleged that Defendant John/Jane Doe was an employee of Defendants Nexstar Broadcasting, Inc., and/or Nexstar Media Group, Inc. (ECF No. 1-1, at 3). Defendant John/Jane Doe is alleged to have published a story entitled "Greenwood man accused of multiple solicitation of minor

1

charges" among other similar representations alongside a picture of Plaintiff's face, when Plaintiff was not accused of or arrested for such a crime. (ECF No. 1-1, at 13-22). However, Defendants failed to attribute the story to a particular person and instead attributed the publication to "WSPA Staff." (ECF No. 1-1, at 16). "WSPA Staff" is the John/Jane Doe Defendant named in Plaintiff's Complaint (ECF No. 1-1, at 16).

Defendants removed the Complaint to District Court on November 25, 2020. (ECF No. 1). In Defendant's Notice of Removal, Defendants alleged that absolute diversity between the parties and an amount in controversy greater than $75,000.00 afforded the District Court subject matter jurisdiction over this matter. (ECF No. 1, at 24). Because Defendant John/Jane Doe is a fictional defendant, the allegations regarding the Doe Defendant's state of residence do not defeat diversity. However, once Defendant Doe is identified and Plaintiff's pleadings amended, if Defendant Doe is a resident of South Carolina, this Court will lose subject matter jurisdiction to hear this case.

## ANALYSIS

### Standard for Expedited Discovery

As a general rule, parties cannot engage in discovery before they have engaged in a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, Rule 26 provides that the court can issue an order requiring limited discovery before the Rule 26(f) conference. Id. While "the Fourth Circuit Court of Appeals has not addressed" the standard a court should apply when considering whether expedited discovery is appropriate, the United States District Court for the District of South Carolina recognized that courts in the Fourth Circuit have applied two different standards: "one applying modified preliminary injunction factors and another 'reasonableness' or 'good cause' test." Synthes USA, LLC v. Davis, 2017 WL 5972705 at 9 (D.S.C. 2017).

The "good cause" test requires the court to consider the reasonableness of the request in light of the surrounding circumstances. This "reasonableness test," first relied on in <u>Merrill Lynch, Pierce, Fenner& Smith v. O'Connor</u>, 194 F.R.D. 618 (N.D.Ill. 2000), examines the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." <u>Dimension Data North America, Inc. v. NetStar-1, Inc.</u>, 226 F.R.D. 528, 531 (E.D.N.C. 2005). Courts "have found the reasonableness test used in <u>Merrill Lynch</u> to be more adaptable to the varying circumstances in which expedited discovery is requested." <u>Id</u>. "To establish a right to expedited discovery, 'some showing of <u>good cause</u> should be made … and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a <u>good cause</u> standard." <u>Teamworks Innovations, Inc. v. Starbucks Corporation</u>, 2020 WL 406360, at 3 (M.D.N.C. 2020) (<u>citing</u> 8A Charles Alan Wright, et al., <u>Federal Practice and Procedures</u> § 2046.1).

### **Request for Expedited Discovery Requested by Plaintiff**

Plaintiff has identified Defendant John/Jane Doe as the "WSPA Staff" responsible for the publication of Plaintiff's face alongside representations that Plaintiff had been accused of and arrested for committing sex acts on minors. Because Defendants failed to properly attribute the story, Plaintiff cannot identify Defendant Doe without engaging in limited discovery with Defendants who are the sole custodians of the information regarding the identity of Doe. Once Doe is properly identified, Plaintiff can move to amend his pleadings to reflect the identity of the Defendant Doe, serve Defendant Doe, and, potentially, move to remand this case to Greenwood County Common Pleas.

Specifically, Plaintiff requests that this Court issue an Order permitting Plaintiff to serve the following interrogatories on the Defendants:

3

- Please identify the name(s) and home address(es) of the person(s) responsible for sourcing, downloading, or otherwise finding the photograph of Plaintiff's face that was published in the article and television news story central to this case.

- Please identify the name(s) and home address(es) of the person(s) responsible for including, attaching, or otherwise linking the photograph of Plaintiff's face that was published in the article central to this case to the headline(s) and article television news story central to this case.

- Please identify the name(s) and home address(es) of the person(s) responsible for writing and/or publishing the article and television news story containing the photograph of Plaintiff's face that was published in the article central to this case.

In the present matter, this case requires expedited discovery to address the identity of the Doe Defendant promptly for several reasons. First, Plaintiff's statute of limitations against the Doe Defendant will run in October of 2021, so he must identify and amend his pleadings to properly name the Doe Defendant before that date. Second, as the Doe Defendant is an employee of Defendants' working in South Carolina, it seems likely that Plaintiff's allegation that the Doe Defendant is a resident of this State will prove true. If the Doe Defendant is confirmed to be a South Carolina resident, then this Court will lose subject matter jurisdiction over this action, which will then be remanded to Common Pleas.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an order that directs Defendants to respond fully to the above proposed interrogatories within fifteen days. Such an Order and limited discovery response from Defendants will ensure that if this matter should be properly

heard in Common Pleas that it is quickly remanded to that jurisdiction where it can be adjudged on its merits.

                Respectfully submitted,

                s/ Sam Tooker_____
                SAMUEL BARTON TOOKER
                Federal Bar No.: 12162
                318 West Stone Ave.
                Greenville, South Carolina 29609
                Telephone: (864) 271-2636
                sam@greenvillelegal.com
                Attorney for Plaintiff
                DOUGLAS TURNER

Greenville, South Carolina
February 19, 2021