UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| DOUGLAS TURNER, | ) | Civil No.: 8:20-CV-04115-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' OPPOSITION TO** |
| v. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **EXPEDITED JURISDICTIONAL** |
| | ) | **DISCOVERY** |
| NEXSTAR BROADCASTING, INC., | ) | |
| NEXSTAR MEDIA GROUP, INC., and | ) | |
| JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Nexstar Broadcasting, Inc.[1] ("NBI") and Nexstar Media Group, Inc. ("NMGI") (collectively, "Defendants" or "Nexstar Defendants") respectfully submit this Opposition to Plaintiff's Motion for Expedited Jurisdictional Discovery.

## SUMMARY OF ARGUMENT

Defendants have filed a Motion to Dismiss all of Plaintiff's claims in the present action based on the "fair report" privilege pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") (ECF No. 6). The Opposition and Reply briefs for such motion have also been filed. (ECF Nos. 9, 11) Now, with the Court's ruling on that motion pending, Plaintiff seeks expedited discovery, prior to the ruling on the motion and the Rule 26(f) conference, on a different topic – the identity of Plaintiff's proposed "Doe" defendant. Plaintiff's discovery should be postponed until after the ruling on the motion for any of the following reasons: (i) the

---

[1] Recently renamed Nexstar Inc.

identity of the Doe defendant is not at issue in the Motion to Dismiss, and the Motion to Dismiss can be granted without ever knowing such identity; (ii) expedited discovery is unnecessary because one or more of the Nexstar Defendants is vicariously liable for the actions of their employees (including the alleged Doe defendant), so the identity of the Doe defendant is irrelevant for a Rule 12(b)(6) motion covering all claims; and (iii) application of the "preliminary injunction" test for determining whether expedited discovery should be conducted also favors Defendants.

## ARGUMENT

**1.     Discovery is Premature Concerning the Identity of "Doe" Defendants Where a Motion to Dismiss all Claims is Pending Under FRCP 12(b)(6)**

Defendants' Motion to Dismiss encompasses all causes of action in the present case – including any causes of action that may apply to any "Doe" defendants. (ECF No. 6)  Moreover, the identity and residence of the "Doe" defendants is not at issue in the Motion to Dismiss – which is based on First Amendment "fair report" principles not jurisdiction.  Accordingly, there is no need for discovery at this stage of the case to determine the identity or residence of any "Doe" defendants.

Both the U.S. Supreme Court and the District of South Carolina have recognized the importance of motions to dismiss under FRCP 12(b)(6) in avoiding the time and expense of discovery.  See, e.g., Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding"); Bellamy v. Borders, 727 F. Supp. 247, 251 (D.S.C. 1989) (noting the "burdens of broad-reaching discovery" that can be avoided by a motion to dismiss).

Thus, a claim that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of F.R. Civ. P. 12(b)(6) is to enable

defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); Guyton v. United States, No. 8:18-cv-00609-MGL-JDA, 2019 U.S. Dist. LEXIS 146628, at *11 (D.S.C. Feb. 7, 2019) (quoting Rutman); see also, Ballew v. UPS, Civil Action No. 6:18-cv-00059-DCC-JDA, 2018 U.S. Dist. LEXIS 178538, at *7 n.3 (D.S.C. Aug. 20, 2018) ("A motion to dismiss based on a failure to state a claim for relief… should, however, be resolved before discovery begins" (citing cases)).

For "John Doe" defendants, expedited discovery is only appropriate to learn the identity of the defendants *if* the complaint would *not* be "dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

Similarly, it is not an abuse of discretion to deny discovery relating to issues that are not the subject of the motion to dismiss. Hayashi v. Red Wing Peat Corp., 396 F.2d 13, 14-15 (9th Cir. 1968).

Here, Defendants' Motion to Dismiss is based on failure to state a claim based on First Amendment principles, not on diversity (or lack of diversity) of the parties. Any discovery at this point is necessarily limited to issues raised in the pending, dispositive motion. Since the pending motion does not involve the diversity question, Plaintiff's motion for expedited discovery on that issue must be denied.

**2.     Expedited Discovery Concerning the Citizenship of John/Jane Doe is Unnecessary, Since Nexstar is Vicariously Liable for Doe's Alleged Actions**

Plaintiff appears to have added the "Doe" defendant to this case solely to try to avoid this Court's jurisdiction. But the Doe defendant is not a necessary party to the case. Under South Carolina law, any harm caused by the action or inaction of an employee acting within the scope of his/her employment is imputed to the employer – even if the employee acts against the express

instructions of the master:

> The modern doctrine of respondeat superior makes a master liable to a third party for injuries caused by the tort of his servant committed within the scope of the servant's employment. When a master-servant relationship exists, the tort of the servant is imputed to the master by law, without any requirement of fault on the part of the master. Under this doctrine, the master is liable for the torts of his servant even when the servant acts against the express instructions of his master, so long as the servant acts to further the master's business.

Wade v. Berkeley Cnty., 330 S.C. 311, 319, 498 S.E.2d 684, 688 (Ct. App. 1998) (citations omitted).

This principle applies to libel the same as it does to other torts. Doe v. Beaufort Jasper Acad. for Career Excellence, No. 2021-UP-010, 2021 S.C. App. Unpub. LEXIS 10, at *11-12, 14 (Ct. App. Jan. 13, 2021); Garnett v. Remedi Seniorcare of Va., LLC, 892 F.3d 140, 145 (4th Cir. 2018).

Here, Plaintiff's Complaint alleges that the Doe defendant is "an employee of Defendants and a reporter, writer or other member of the WSPA news staff." (Complaint, ECF No. 1-1, ¶ 16). There is no possibility that the requested expedited discovery would establish that Doe's work in publishing the news story at issue was not within the scope of his/her employment by one or more of the Nexstar Defendants (among other things, the requested expedited discovery seeks only the name and address of the Doe defendant(s), (ECF No. 14, p. 4)). Thus, liability for any action by John/Jane Doe in publishing the news story at issue in this case would fall with one of the Nexstar Defendants, not the employee. The present Motion to Dismiss encompasses all claims in the Complaint. Accordingly, the identity of the Doe defendant is irrelevant to the present Motion to Dismiss and no expedited discovery as to his or her identity is warranted.

**3.     The "Preliminary Injunction" Test for Expedited Discovery Also Favors Defendants**

In its Motion for Expedited Discovery, Plaintiff acknowledged that there are two

competing tests to determine whether expedited discovery is necessary – the "good cause" (or "reasonableness") test and the "preliminary injunction" test. (ECF No. 14, p. 2, citing Synthes USA, LLC v. Davis, 2017 WL 5972705 at 9 (D.S.C. 2017)). But Plaintiff then only applied the "good cause" test to the facts of the present case. (ECF No. 14, pp. 3-5). For the reasons set forth above, application of Plaintiff's preferred "good cause" test favors *Defendants*. Moreover, as discussed below, application of the "preliminary injunction" test also favors Defendants and prohibits Plaintiff's requested expedited discovery.

The Eastern District of Virginia applied the "preliminary injunction" test instead of the "good cause" test to a request for expedited discovery because it found the preliminary injunction test to be "more reliable" than the good cause test and "the preliminary injunction test corresponds more closely with the idea that granting court relief outside of the federal rules should be limited to unusual circumstances, and only where the plaintiff has made a clear showing that such relief is necessary." ForceX, Inc. v. Tech. Fusion, LLC, 2011 U.S. Dist. LEXIS 69454, at *1, *15 (E.D. Va. Jun. 27, 2011).

The "preliminary injunction" test for expedited discovery applies the first two elements of the standard four-part balancing test for preliminary injunctions established by the U.S. Supreme Court in Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008): a plaintiff seeking expedited discovery must: (1) make a "clear" or "strong" showing that the plaintiff is "likely to succeed on the merits" of the case at trial, and (2) demonstrate that the plaintiff is "likely to suffer irreparable harm" in the absence of the expedited discovery. ForceX, Inc., 2011 U.S. Dist. LEXIS 69454, at *12, *16.

With respect to the first factor—the likelihood of success on the merits—Plaintiff is unable to make a "clear showing" that Plaintiff is likely to succeed on the underlying merits of

the case due to Defendants' "fair report" privilege to publish government materials (discussed at length in Defendants' Motion to Dismiss: ECF No. 6-1, pp. 6-14)  Under the second factor—the likelihood of irreparable harm—"irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." Profiles, Inc. v. Bank of Am. Corp., 453 F. Supp. 3d 742, 754 (D.S.C. 2020).  Given that the photograph of Plaintiff has already been removed from public view (and was promptly removed by Defendant NBI upon request), Plaintiff is not likely to suffer irreparable harm from failure to take expedited discovery.  Therefore, Plaintiff cannot make a "clear showing" that he would suffer irreparable harm in the absence of the expedited discovery he has requested.

Accordingly, Plaintiff's request for expedited discovery should be denied regardless of whether the "good cause" or "preliminary injunction" test is used.

## CONCLUSION

Plaintiff's proposed expedited discovery is unnecessary and inappropriate at this time. The identity of Plaintiff's proposed "Doe" defendant is not at issue in the pending Motion to Dismiss, the Doe defendant is unnecessary to the case anyway because one or more of the Nexstar Defendants is vicariously liable for his or her actions (the Doe defendant appears to have been added merely in attempt to avoid this Court's jurisdiction), and application of the "preliminary injunction" test for determining whether discovery should be conducted prior to the Rule 26(f) conference also favors Defendants.  Accordingly, Plaintiff's motion for expedited discovery should be denied.

Respectfully submitted,

FENNO LAW FIRM, LLC

By: s/Edward Fenno
Edward T. Fenno (Fed. ID No. 7498)
1459 Stuart Engals Blvd., Suite 202
Mt. Pleasant, South Carolina 29464
Ph: (843) 720-3747
Fax: (843) 614-5093
Email: efenno@fennolaw.com

Attorneys for Defendants,
NEXSTAR BROADCASTING INC. and
NEXSTAR MEDIA GROUP, INC.

March 5, 2021
Mt. Pleasant, South Carolina

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| DOUGLAS TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>NEXSTAR BROADCASTING, INC.,<br>NEXSTAR MEDIA GROUP, INC., and<br>JOHN/JANE DOE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 8:20-cv-04115-BHH<br><br><br><br><br>**CERTIFICATE OF SERVICE** |

  I hereby certify that on March 5, 2021, I electronically filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED JURISDICTIONAL DISCOVERY with the Clerk of the Court for the United States District Court for the District of South Carolina by using the CM/ECF system.  I certify that all participants in the case, including the ones listed below, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

  David R. Price, Jr., Esq.
  Samuel B. Tooker, Esq.
  DAVID R. PRICE, JR., P.A.
  318 West Stone Avenue
  Post Office Box 2446
  Greenville, South Carolina 29602-2446
  David@GreenvilleLegal.com
  Sam@GreenvilleLegal.com
  *Attorneys for Plaintiff*


  March 5, 2021           s/Edward Fenno
  Mt. Pleasant, South Carolina      Edward Fenno