UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DOUGLAS TURNER, | Civil No.: 8:20-CV-04115-JD |
| Plaintiff, | |
| v. | **ORDER** |
| NEXSTAR BROADCASTING, INC., NEXSTAR MEDIA GROUP, INC., and JOHN/JANE DOE, | |
| Defendants. | |

This matter comes before the Court on two motions by the parties. Defendants Broadcasting, Inc. and Nexstar Media Group, Inc. ("Nexstar Defendants") have filed a Motion to Dismiss (DE 6) Plaintiff Douglas Turner's ("Plaintiff" or "Turner") Complaint (DE 1-1), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff has filed a Motion for Expedited Jurisdictional Discovery (DE 14). As to Nexstar Defendants' motion to dismiss, they contend that the "fair report" privilege to defamation claims protect them from Plaintiff's defamation claims in his lawsuit; and therefore, Plaintiff's defamation and derivative non-defamation claims should be dismissed. On the other hand, as to Plaintiff's motion for expedited jurisdictional discovery, Plaintiff seeks an Order requiring Defendants to participate in limited discovery regarding the identity of Defendant John/Jane Doe. Plaintiff contends that if there is a lack of complete diversity between the parties, the Plaintiff will move to amend his pleadings to reflect the identity of the correct party and to remand the matter back to Common Pleas.

The parties have submitted responses and replies to their corresponding motions. (DE 9, 11 and DE 15, 16.) After reviewing the motions and memoranda submitted, the Court denies Nexstar Defendants' Motion to Dismiss (DE 6) and denies Plaintiff's Motion for Expedited Jurisdictional Discovery (DE 14) for the reasons stated herein.

1

**BACKGROUND**

As alleged by the Plaintiff, on or about October 18, 2019, Defendants published a news story on television and on WSPA-TV Spartanburg S.C.'s ("WSPA") website and social media platforms about the arrest of a Greenwood County man for allegedly attempting to solicit minors for sex acts and for distributing sexually graphic images to a minor. Defendants published a television story on Channel 11, published an article on WSPA's website, and published a Facebook post on WSPA's Facebook page about the arrest. Those stories all featured pictures of Plaintiff, rather than the man actually accused and arrested for child sex crimes, alongside titles that would indicate that the Plaintiff, as the man depicted in the image accompanying the story, was the person arrested for committing child sex crimes. The written publications were attributed to an employee of Defendants and a reporter, writer, or other member of the WSPA news staff. The Defendants' Facebook post publicizing its article said, "[a] Greenwood man was arrested on multiple charges related to the solicitation of a minor, the South Carolina Attorney General's Office said." That post contained a color picture of the Plaintiff prominently placed below the text. Plaintiff claims he has not been arrested for charges related to the solicitation of a minor and that the statement is false as it relates to him.

On October 23, 2020, Plaintiff filed a Summons and Complaint and an Offer of Judgment Pursuant to Rule 68 SCRCP in the Eighth Judicial Circuit Court of Common Pleas for Greenwood County, South Carolina. Thereafter, Nexstar Defendants filed a notice of removal asserting diversity jurisdiction and removing this case to federal court. Nexstar Defendants seek to dismiss Plaintiff's Complaint based on matters outside the Plaintiff's Complaint and based on an

affirmative defense. Plaintiff objects to the Court's consideration of evidence outside the face of its Complaint and it contends the Fair Report Privilege is not available to Nexstar Defendants.[1]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently,

---

[1] To the extent Nexstar Defendants ask this Court to consider evidence outside of the pleadings in support of their motion to dismiss, this Court declines to do so or to convert the motion to a motion for summary judgment.

3

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

The gravamen of Nexstar Defendants motion to dismiss is its Fair Report Privilege defense and not whether the Plaintiff has stated a claim to relief that is plausible on its face.  "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  Since Nexstar Defendants' motion is pursuant to Rule 12(b)(6), Fed. R. Civ. P., this Court will evaluate the motion accordingly and will not convert the motion to a judgment on the pleading to consider Nexstar Defendants' privilege defense at this stage.  Further, based on the record before the Court at this time, the Court finds that the Plaintiff has pled sufficient facts and stated a plausible claim for relief, and therefore, denies Nexstar Defendants' motion to dismiss under Rule 12(b)(6).

Further, as to Plaintiff's Motion for Expedited Jurisdictional Discovery, given this Court ruling on Nexstar Defendants' Motion to Dismiss, the parties can meet and confer and to comply with Rule 26(f), Fed. R. Civ. P., regarding a proposed discovery plan so that a scheduling order can be issued to begin discovery.  Therefore, the motion for jurisdictional discovery is denied.

## CONCLUSION

For the foregoing reasons, it is Ordered that Nexstar Defendants' Motion to Dismiss (DE 6) is denied and Plaintiff's Motion for Expedited Jurisdictional Discovery (DE 14) is denied as provided herein.

5

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

July 16, 2021
Greenville, South Carolina

5